UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NELSON COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>P. COVELLO, Warden,<br><br>Respondent. | No. 2:20-cv-0974 JAM AC P<br><br><br><br>ORDER |

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. By order filed May 20, 2020, this court directed respondent to file a response to the petition. ECF No. 7. Respondent filed a motion to dismiss the petition on the grounds it fails to state a cognizable federal claim and was untimely filed. ECF No. 15. In the interim, petitioner filed a motion to amend the petition. ECF No. 10. For the reasons that follow, the court finds amendment unwarranted because the substance of the proposed amendment is already included in the federal petition.

      Petitioner was convicted in 2006 of robbery and first-degree murder with the special circumstance of having committed the murder during the robbery; he was sentenced to life without the possibility of parole, plus 25 years to life.[1] See ECF No. 1 at 1. Petitioner was 21

---

[1] Petitioner pursued and was denied habeas relief in 2011. See Coleman v. Martel, Case No. S-09-0638 GED GGH P. The Ninth Circuit Court of Appeal affirmed and mandate issued on November 15, 2011.

1 years of age at the time of the commitment offenses.

2     In 2016, petitioner filed a petition to recall his sentence under California Penal Code §
3 1170(d)(2), asserting a denial of equal protection under newly enacted Penal Code § 3051.  The
4 Superior Court denied his petition.

5     Petitioner appealed, asserting two claims:  (1) The Court of Appeal had jurisdiction to
6 address the merits of petitioner's equal protection argument; and (2) "The Legislature's dissimilar
7 treatment of similarly situated youth offenders ages 18 to 22 violates equal protection of the laws
8 under the federal and state constitutions."  ECF No. 1 at 17.  The Court of Appeal struck the
9 restitution fines but affirmed the Superior Court's judgment in all other respects.

10     Petitioner sought review in the California Supreme Court, asserting the following
11 argument: "Review should be granted to determine whether Penal Code section 3051 violates
12 equal protection by excluding young adult offenders sentenced to life in prison without the
13 possibility of parole."  ECF No. 1 at 64.[2]

14     The petition filed in this court identifies only one claim, referencing petitioner's California
15 Supreme Court petition for review.  See ECF No. 1 at 5 ("GROUND ONE:  See Attached
16 Petition.").

17     In his motion to amend the federal petition, petitioner asks this court to include "Ground
18 II" as set forth in his Court of Appeal brief.  See ECF No. 10.  Petitioner states that he "heavily
19 relied" upon that claim in the Supreme Court and seeks to ensure that the same facts and legal
20 matters are considered by this court.  Id.

21     Although petitioner did not expressly include his Court of Appeal Ground II in his state
22 Supreme Court petition, the equal protection claims presented to both courts are effectively
23 identical.  Respondent has reached the same conclusion.  See ECF No. 15 at 1 n.1; id. at 4:15-6.
24 ////

---

25 [2] Petitioner's claim before the California Supreme Court was more fully framed as follows:
26 "Does Penal Code section 3051's exclusion of young adult offenders sentenced to life in prison without the possibility of parole violate equal protection of the laws insofar as the underlying
27 bases for section 3051's extension of youth offender parole eligibility to young adult offenders ages 18 through 25 is brain science showing young adult brains continue to mature and develop
28 into a person's mid-20s, which is neither crime specific nor sentence specific?"  ECF No. 1 at 61.

Because petitioner's motion to amend is merely redundant of his federal petition, the motion will be denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend his habeas petition, ECF No. 10, is DENIED as unnecessary; and

2. Petitioner shall file and serve his response to respondent's motion to dismiss within thirty (30) days after service of that motion, as previously directed by the court.[3]

DATED: July 20, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] The court's order filed May 20, 2020 instructed the parties in pertinent part: "If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter."  ECF No. 7 at 2.