UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NELSON COLEMAN,<br><br>  Petitioner,<br><br>  v.<br><br>P. COVELLO, Warden,<br><br>  Respondent. | No. 2:20-cv-0974 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

**I.  Introduction**

Petitioner Raymond Nelson Coleman is a California state prisoner who proceeds pro se and in forma pauperis with this habeas corpus action filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Petitioner challenges, on equal protection grounds, the refusal of the California courts to recall his sentence of life imprisonment without the possibility of parole (LWOP) based on his age when the underlying offenses were committed.

Respondent has moved to dismiss this action on the ground it fails to state a cognizable federal claim and because untimely filed after expiration of the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). ECF No. 15. Petitioner opposes the motion, ECF No. 19, and respondent has filed a reply, ECF No. 20.

////

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the following reasons, the undersigned recommends that respondent's motion to dismiss be granted and this action be dismissed for failure to state a cognizable federal habeas claim.

**II.     Failure to State a Cognizable Federal Habeas Claim**

**A.     Background**

On June 16, 2006, at the age of 23, petitioner was convicted by a jury in the Sacramento County Superior Court of first-degree murder and robbery, with two sentencing enhancement allegations found true.  The underlying offenses were committed on December 12, 2004, when petitioner was 21 years of age.  See Lodged Documents (Lodg. Docs.) 1-2.  On September 15, 2006, petitioner was sentenced to LWOP for the murder conviction and twenty-five years to life for a firearm enhancement.  On July 24, 2008, the California Court of Appeal affirmed the judgment in all respects except for striking previously imposed restitution fines.  Id.  The California Supreme Court denied review on October 28, 2008.[1]  Lodg. Docs. 3-5.

On May 23, 2016, petitioner filed in the Sacramento County Superior Court a "Petition for Recall of Sentence Pursuant to [California] Penal Code Section 3051" which was denied on June 24, 2016.  Lodg. Docs. 8-9.  Petitioner appealed the denial of his petition for recall of sentence on August 1, 2016, which was denied by the California Court of Appeal on December 7, 2018.  Lodg. Doc. 10.  Petitioner filed a petition for review in the California Supreme Court on January 8, 2019, Lodg. Doc. 11, which was summarily denied on February 13, 2019, Lodg. Doc. 12.

On May 20, 2020, petitioner filed the instant federal petition, in which he asks this court "[to] remedy the equal protection violation by ordering that youth offenders under the age of 23 be permitted to recall their LWOP sentences."  ECF No. 1 at 15.

---

[1] Mr. Coleman pursued a prior federal habeas action challenging the September 15, 2006 judgment of conviction.  That action was denied on the merits by this court on September 15, 2010, in Coleman v. Martel, Case No. 2:09-cv-0638 GEB GGH P, as affirmed by the Ninth Circuit Court of Appeals on October 23, 2011 in Coleman v. Knipp, Case No. 10-17219.  See Lodg. Docs. 14-17.  The instant petition does not constitute a prohibited second or successive petition because it attacks a different judgment, the 2016 denial of Mr. Coleman's petition for recall of sentence.  See Morales v. Sherman, 949 F.3d 474, 476 (9th Cir. 2020).

**B.     State Statutory Framework**

In 2012, the United States Supreme Court held that the Eighth Amendment is violated by mandatory life sentences without parole for juvenile offenders under the age of 18 at the time of their crimes. Miller v. Alabama, 567 U.S. 460, 479 (2012). In the wake of Miller, and in light of the concerns it raised about the culpability and appropriate punishment of juveniles, the California legislature enacted the two provisions of the Penal Code that are at issue here.

The first, California Penal Code § 1170(d)(2)(2)(A)(i), is specific to youthful offenders sentenced to LWOP. It provides as follows:

> When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing.

A different statute governs parole suitability hearings for all youthful offenders sentenced as adults. Section 3051, as originally enacted in 2013, mandated the convening of periodic "youth offender parole hearings" to review "the parole suitability of any prisoner who was under 18 years of age at the time of his or her controlling offense." Cal. Penal Code § 3051(b) (Stats 2013, ch. 312, § 4 (S.B. 260), effective January 1, 2014). In 2016, the state legislature amended Section 3051 to extend the youthful offender parole suitability regime to non-LWOP inmates who were under 23 at the time of their commitment offenses. Section 3051(b) (Stats 2015 ch. 471 § 1 (SB 261), effective January 1, 2016)). The age of commission threshold for non-LWOP cases has since been raised to "25 years of age or younger." Cal. Penal Code § 3051(b) (Stats 2017 ch. 684 § 1.5 (SB 394), effective January 1, 2018)). With regard to offenders sentenced to LWOP, however, Section 3051 has always been limited in its application to those who were under 18 at the time of the offense(s)—and thus eligible to seek resentencing to a parole-eligible term pursuant to Section 1170. See Cal. Penal Code § 3051(h) ("This section shall not apply to cases in which . . . an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age."). Because this is a statute about parole suitability determinations, it otherwise can have no applicability to those sentenced to LWOP.

3

### C.     **Petitioner's Claim**

Petitioner contends, as a matter of equal protection, that he should be entitled to obtain recall of his LWOP sentence.  Petitioner was 21 years old at the time of his commitment offense, and is therefore ineligible for recall and resentencing under the plain terms of Section 1170(d)(2)(2)(A)(i).  Petitioner argues nonetheless that the scientific and social policy reasons supporting the expansion of Section 3051, which now mandates parole hearings for youthful offenders who were under 25 at the time of their commitment offenses, apply equally to the recall and resentencing provisions of Section 1170 and therefore should be read into the recall statute.[2] He alleges in essence that the discrepancy between the age thresholds in Sections 1170 and 3051 violates equal protection, and that he is constitutionally entitled to consideration for resentencing in light of Section 3051.[3]

---

[2] In support of his claim, petitioner relies on the memorandum submitted to the California Court of Appeal in which he makes the following argument:

> The neuroscience of brain development shows that young adults, not just juveniles, lack the cognitive capabilities of a more mature adult and thus show greater potential for rehabilitation as they mature.  All youth offenders are similarly situated by virtue of their still developing brains, regardless of the crimes they commit or the statutes under which they are punished.  When the Legislature first enacted sections 1170, subdivision (d)(2) and 3051, it created separate pathways that otherwise treated juvenile offenders equally with regard to their brain development by giving both LWOP and de facto LWOP offenders under 18 at the time of their crimes the opportunity to demonstrate their maturity and rehabilitation over time and to possibly obtain release from prison.
>
> When the Legislature most recently extended the age limit in section 3051 for youth offenders under age 23 [now 25] who were sentenced to extremely lengthy non-LWOP sentences, it treated similarly situated LWOP youth offenders in the same age category differently by failing to provide them with similar relief under section 1170, subdivision (d)(2).  It is this unequal treatment, despite the fact both groups suffer from the same cognitive and emotional developmental issues at the time of their offenses, that violates the equal protection of the laws.

ECF No. 1 at 30-1.

[3] The petition for recall and resentencing that petitioner filed in superior court in 2016 was styled as a petition under Section 3051, which at that time applied to offenders who were under 23 at the time of their crimes, although Section 3051 does not govern recall and resentencing.

4

**D.      Legal Standards**

A respondent's motion to dismiss, after the court has ordered a response, is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)).  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A state prisoner may pursue habeas corpus relief under 28 U.S.C. § 2254 "only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).

**E.      Analysis**

Petitioner's claim is limited to alleged inconsistencies in two California penal statutes.[1] Discrepancies in state law do not, standing alone, give rise to a federal claim.  See e.g. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not transform a state law issue into a federal one merely by asserting a constitutional violation); see also Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993) (citation omitted) (absent a conflict with federal law, federal courts are "bound by a state court's construction of its own penal statutes").

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  However, where "a state policy does not adversely affect a suspect class or impinge upon a fundamental right, all that is constitutionally required of the state's program is that it be rationally related to a legitimate state objective."  Coakley v. Murphy, 884 F.2d 1218, 1221–22 (9th Cir. 1989); see also Turner v. Safley, 482 U.S. 78, 89 (1987) (state policy "is valid if it is reasonably related to legitimate penological interests").  The distinctions petitioner makes

---

[1] See Lodg. Doc. 8.

5

here do not impact a suspect class or impinge on a fundamental right.  Rather, the statutes petitioner challenges reflect the reasoned assessment of the California legislature and are consistent with Supreme Court authority.

The Equal Protection Clause does not demand that a statute necessarily apply equally to all persons, or require things which are different in fact to be treated in law as though they were the same.  Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 469 (1981).  That is precisely what petitioner seeks – that an LWOP-sentenced offender who committed his crime at 21 years of age be treated the same as an offender who committed his crime while under the age of 18.  As emphasized by the Supreme Court, "children are constitutionally different from adults for purposes of sentencing [] [b]ecause juveniles have diminished culpability and greater prospects for reform[.]"  Miller, 567 U.S. at 471.  Although the California legislature has relied on related policy considerations to provide early parole hearings for many young adult offenders, this expansion was not constitutionally mandated.

Moreover, there is nothing irrational about having different age-based standards for the recall of LWOP sentences—which are intended for only the most serious crimes—and for provision of early parole hearings to those who are parole-eligible to begin with.  A legislative distinction between LWOP and parole-eligible offenders is no more constitutionally suspect that the distinction between 18 year old and 25 year old offenders.

The California legislature's decision to deny parole consideration and petitions for recall and resentencing to LWOP-sentenced prisoners whose crimes were committed after the age of 18 is consistent with Miller and is rationally related to the state's legitimate goal of identifying prisoners who may be most receptive to rehabilitative efforts.  Petitioner's challenge to these California statutes fails to state a prima facie equal protection claim.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law").  This includes the interpretation or application of state sentencing laws.  See, e.g., Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).  Because

petitioner's disagreement with California law does not state a cognizable claim for federal habeas relief, his petition should be dismissed for lack of jurisdiction.  See 28 U.S.C. § 2254(a); see also Rule 4, Rules Governing Section 2254 Cases.  The court need not reach respondent's alternate argument that the petition was untimely filed.

### III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 15, be GRANTED; and

2. This action be dismissed for lack of federal habeas jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: December 18, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE